UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| ANTHONY CASTRO, | |
|---|---|
| Plaintiff, | Case No. 4:10-cv-00484-BLW |
| v. | **INITIAL REVIEW ORDER** |
| GAYLEN L. BOX, | |
| Defendant. | |

This Court previously granted Plaintiff Anthony Castro's Application to Proceed In Forma Pauperis (Dkt. 6). As a result, the Complaint is subject to review by the Court to determine whether it should be dismissed under 28 U.S.C. §§ 1915 or 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

## BACKGROUND

Plaintiff Anthony J. Castro brings this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights under the First, Sixth, Seventh, and Fourteenth Amendments, and under 42 U.S.C. § 1985 and 1986. Plaintiff alleges that Defendant Gaylen L. Box, a magistrate judge of the Sixth District in Bannock County, Idaho, committed the constitutional violations against him, acting under color of state law, when

Judge Box presided over a matter involving Plaintiff's compliance with a child support order. *Complaint*, Dkt. 2 at 2.

## LEGAL STANDARD

The Court is required to review complaints brought by litigants who are granted leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

If the complaint can be saved by amendment, the plaintiff should be provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). A court should dismiss a complaint for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts to support the claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984) (citation omitted). For purposes of its review, the Court must accept as true the allegations of the complaint, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740, 96 S.Ct. 1848, 1850 (1976).

## ANALYSIS

1. **Judicial Immunity**

Under the doctrine of absolute judicial immunity, a judge is not liable for monetary

damages for acts performed in the exercise of his judicial functions. *Stump v. Sparkman*, 435 U.S. 349 (1978). To determine whether an act is judicial in nature so that immunity would apply, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 362.

Once it is determined that a judge was acting in his judicial capacity, absolute immunity applies, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted). For example, judicial immunity is not lost by allegations that a judge conspired with one party to rule against another party: "a conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors." *Id.*, 793 F.2d at 1078. Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988).

Here, Plaintiff acknowledges that the Defendant was acting in his capacity as a judge presiding over matters concerning Plaintiff. The Court here finds that Defendant is entitled to absolute judicial immunity, and therefore dismisses any claims by Plaintiff for monetary relief.

2.      **Eleventh Amendment Immunity**

The United States Supreme Court has determined that the Eleventh Amendment

generally prohibits litigants from bring suits against states, state agencies, and state officials acting in their official capacity. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993). There are three exceptions to Eleventh Amendment immunity.

First, the Eleventh Amendment does not bar suit when the state unequivocally consents to be sued in federal court. That has clearly not occurred here.

Second, the Eleventh Amendment does not bar suit when a statute allows suits to be brought against states in federal court. The Plaintiff has not directed the Court's attention to any such statute.

Third, the Eleventh Amendment does not bar suit against a government official for prospective injunctive relief. *Ex parte Young*, 209 U.S. 123 (1908). Actions seeking prospective injunctive relief against officials in their official capacities are not treated as actions against the State. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n.10, (1989). The *Young* case carves out a narrow exception, "designed to permit the vindication of what the court sees as the paramount interest in the application of the constitution and federal law to continuing or impending conduct." *Watkins v. Blinzinger*, 789 F.2d 474, 484 (7th Cir. 1986).

However, the federal district court lacks jurisdiction to hear challenges to state court decisions arising out of judicial proceedings, even concerning alleged constitutional violations; such actions are reserved for review by the United States Supreme Court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (citing 28

INITIAL REVIEW ORDER - 4

U.S.C. § 1257).  Also, where there is no claimed continuing violation of federal law, a federal court may not issue declaratory or injunctive relief.  *Green v. Mansour*, 474 U.S. 64, 71 (1985).

Based on Plaintiff's Complaint in this matter, this Court lacks jurisdiction to hear Plaintiff's challenges to Defendant's decisions from Plaintiff's state court proceedings. Regarding Plaintiff's request for injunctive and declaratory relief, it is unclear whether any continuing violation is alleged, such that any relief is available.  Accordingly, the Court will dismiss Plaintiff's Complaint with leave to amend.  Plaintiff will have 21 days to amend his Complaint to state a claim on which relief can be granted.

## ORDER

**IT IS ORDERED THAT:**

1. Plaintiff's Complaint (Dkt. 2) is **DISMISSED** without prejudice.
2. Plaintiff shall have 21 days from the date of this Order to amend his complaint to indicate whether there is any on-going violation for which declaratory or injunctive relief is available.

DATED:  **October 21, 2011**

Honorable B. Lynn Winmill
Chief U.S. District Judge